# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BURGHARDT,<br><br>                        Plaintiff,<br>   vs.<br>NUTRONICS LABS, INC.,<br><br>                      Defendant. | CASE NO. 14cv0606 JM(BGS)<br><br>ORDER DENYING MOTION TO DISMISS |

     Defendant Nutronics Labs, Inc. ("Nutronics") moves to dismiss the consumer class action complaint filed by Plaintiff Scott Burghardt. Plaintiff opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court denies the motion to dismiss in its entirety.

## BACKGROUND

     The First Amended Complaint ("FAC") alleges three causes of action for (1) violation of the Consumers Legal Remedies Act ("CLRA"), Civil Code §1750 et seq.; (2) violation of the Unfair Competition Law ("UCL"), Bus and Prof Code §17200 et seq.; and (3) breach of warranty. Plaintiff, a resident of the state of California, brings this class action on behalf of all persons who purchased IGF-1 Plus products in California. (FAC ¶39). Defendant Nutronics, incorporated in Nevada with its principal place of business in Florida, develops, manufactures, distributes, markets, and sells IGF-1 products. (FAC ¶12). Plaintiff asserts federal jurisdiction under the Class Action

1  Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2).  The FAC, without more, simply
2  alleges that the amount in controversy is $5,000,000 and the class exceeds 100 class
3  members.  (FAC ¶8).
4      At the heart of Plaintiff's claim, brought as a consumer class action, is the
5  allegation that Defendant's advertising claims with respect to its products, known as
6  IGF-1 Plus "are false, misleading, and reasonably likely to deceive the public." (FAC
7  ¶1).  IGF-1 Plus

> "is a line of deer antler velvet supplements that comes in spray and droplet forms and purportedly provides a variety of health benefits such as" promoting a powerful immune system; maintaining a healthy heart; promoting healthy flexible joints; promoting a healthy prostate; promoting sexual performance and function by raising libido; supporting healthy weight-loss regimes; and promoting healthy skin and reducing the appearance of wrinkles.

Id.

Plaintiff alleges that Nutronics's webpage generally alleges that IGF-1 helps build lean muscle mass, speeds recovery time, encourages the absorption of both chondrotin and glucosamine sulfate which helps in healthy joints, and increases libido. (FAC ¶4).  These statements are alleged to be uniformly distributed to class members because the website is the point of purchase for the product as IGF-1 "is not readily available in stores or through other vitamin/supplement websites." (FAC ¶5).  Plaintiff purchased IGF-1 Plus products for about $119.99 per bottle on Nutronics's website.

Plaintiff alleges that IGF-1 and related products contain different amounts of deer antler velvet and stevia extract.  (FAC ¶17).  While the FAC acknowledges that the main component of IGF-1 Plus products has been shown to provide some health benefits in studies involving non-human test subjects, the FAC also alleges that the benefits of IGF-1 has been proven false by "reputable, published scientific studies" on humans.  Id.

The FAC alleges that the primary active ingredient in all of the IGF-1 products is insulin-like growth factor 1, a peptide, hormone, or protein, that has a function and structure similar to insulin.  (FAC ¶22).  While Nutronics alleges that the body absorbs

98% of the product, the FAC alleges that this is materially false and misleading because IGF-1 has effect only if injected.  In short, the FAC alleges that there is no scientifically valid confirmation to Defendant's representations that IGF-1 increases muscle size, improves recovery times, stops the breakdown of muscle while naturally burning fat,  slows down the biological aging process, repairs minor tissue damage, boosts the immune system, helps promote flexible joints, and promotes sexual performance.  (FAC ¶25).  To support this claim, Plaintiff sites several studies analyzing the effects of deer velvet extracts.  (FAC ¶¶27 - 35).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555

n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The General Pleading Challenge**

Nutronics makes a generalized Fed.R.Civ.P. 9(b) challenge to Plaintiff's CLRA and UCL claims. This argument is not persuasive. Rule 9(b) requires a party to "state with particularity the circumstances constituting the fraud or mistake." There is no doubt that Rule 9(b) applies to state causes of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). However, the particularity requirement does not apply to state statutory claims that do not require a showing of fraud, like the CLRA or UCL claims. Id.; McKell v. Washington Mut., Inc., 142 Cal. App.4th 1457, 1471 (2006). Here, the complaint sounds in consumer law fraud, and not common law fraud. See In re Mattel, Inc., Toy Lead Paint Prods. Liab. Litig., 588 F.Supp.2d 1111, 1118 (C.D. Cal. 2008) (unless a fraudulent business practice claim is specifically predicated on common law fraud, Rule 8(a)'s notice pleading provisions apply to the complaint).[1] Accordingly, Rule 9(b) does not apply to Plaintiff's state law causes of action. The court denies this portion of Nutronics's motion.

**The CLRA Claim**

Nutronics moves to dismiss this claim as time barred. Cal. Civil Code §1792 provides that a consumer seeking damages must notify the alleged wrongdoer of the claim within "thirty days or more prior to the commencement of an action for

---

[1] The court notes that the FAC complies with Rule 8(a) and provides adequate notice of Plaintiff's claims such that Nutronics is able to prepare a response to the FAC and to conduct discovery.

1  damages." As the prayer for relief requests damages, Nutronics concludes that this
2  claim must be dismissed because it did not receive timely notice.
3  　　　In opposition, Plaintiff responds that he only seeks equitable relief on this claim.
4  As so limited, the court denies the motion to dismiss this claim. In sum, the court
5  denies this portion of Nutronics's motion to dismiss.

6  **The UCL Claim**

7  　　　Nutronics moves to dismiss this claim on the ground that there is no underlying
8  statutory violation. The UCL prohibits "any unlawful, unfair or fraudulent business act
9  or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.
10  Code §17200. "By proscribing 'any unlawful' business practice,' section 17200
11  'borrows' violations of other laws and treats them as unlawful practices' that the unfair
12  competition law makes independently actionable" Cel-Tech Comm'ns, Inc. v. Los
13  Angeles Cellular Tel. Co., 20 Cal.4th 163, 180 (1999) (citations omitted).

14  　　　Here, the court denies this portion of the motion to dismiss because Plaintiff has
15  stated a claim for equitable relief under the CLRA. See In re Apple In-App Purchase
16  Litig., 855 F.Supp.2d 1030, 1041 (N.D. Cal. 2012) (a violation of the CLRA states a
17  UCL claim for unlawful business practices). Accordingly, the court denies the motion
18  to dismiss the UCL claim.

19  **The Breach of Warranty Claim**

20  　　　Nutronics moves to dismiss this claim on the ground that Cal. Com. Code §2607
21  requires a buyer to notify a seller of an alleged breach of warranty claim prior to
22  commencing suit. See Alvarez v. Chevron Corp., 656 F.3d 925, 932 (9th Cir. 2011).
23  (the "notice requirement means pre-suit notice"). Nutronics argues that the false
24  advertising claims demonstrate that it is sued in its capacity as a seller, and not a
25  manufacturer.

26  　　　Here, construing the complaint in the light most favorable to the Plaintiff,
27  Concha, 62 F.3d at 1500, the court concludes that Nutronics is being sued in its
28  capacity as manufacturer and seller. Accordingly, the notice requirement of Cal. Com.

1  Code §2607 does not apply to Plaintiff to the extent Nutronics is being sued as a
2  manufacturer.  Accordingly, the court denies the motion to dismiss the breach of
3  warranty claim.

**The Lack of Standing Argument**

Nutronics contends that Plaintiff lacks standing to pursue injunctive relief because Plaintiff is unlikely to purchase IGF-1 in the future and therefore, he lacks standing to pursue injunctive relief.  While this argument is better addressed in context of an evidentiary motion, courts addressing this issue reason that a plaintiff in a false advertising case retains standing to pursue injunctive relief as long as the products continue to be deceptively marketed and sold by the defendant.  See Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 533 (N.D. Cal. 2012).

Here, whether Nutronics continues to sell IGF-1 is an issue to be determined at a later date.  Construing the complaint in the best light to Plaintiff, the court denies this portion of Nutronics's motion.[2]

In sum, the court denies the motion to dismiss in its entirety.

**IT IS SO ORDERED.**

DATED:  November 20, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc:         All parties

---

[2] The court also rejects Nutronics's generalized argument that Plaintiff's claims may be characterized as unsubstantiated representation claims, and not false advertising claims.  Viewing the FAC in the best light to Plaintiff, the court rejects this argument.